## SCOVILLE, ET AL. v. JONES
(No. 1753; Nov. 21, 1932; 16 Pac. (2d) 39)

For the plaintiff in error there was a brief by *Fred W. Johnson,* of Rock Springs, Wyoming, and *Louis Kabell,* of Evanston, Wyoming, and oral argument by *Mr. Kabell.*

The defendant in error was represented by *W. A. Muir*, of Rock Springs, Wyoming, without brief or argument.

BLUME, Justice.

The plaintiff, Casey Jones, sued the defendants for the sum of $8147.21, as a balance due on a hauling contract. The court rendered judgment for the amount claimed and the defendants have appealed. It is argued that the judgment is not sustained by substantial evidence.

It appears from plaintiff's testimony that the defendants were engaged in drilling a well for oil and gas some miles northeast of the town of Rock Springs in this state; that one Joseph Lee was in charge of the well as the authorized agent of the defendants; that about November 1929 he engaged the plaintiff to haul necessary supplies to the well, particularly water, at the rate of $3.00 per hour for each truck and driver furnished by plaintiff, and that plaintiff did so from November 19, 1929, to November 15th, 1930, inclusive. The contract was oral, but was, on November 12th, 1930, reduced to writing, signed by the plaintiff and the defendants personally. It contains the unqualified agreement that the plaintiff's compensation should be as above stated. An itemized statement showing the number of hours engaged in hauling was furnished to defendants' agent from time to time. These statements were approved and signed by the agent, and show that the total number of hours during which plaintiff was engaged in hauling was 4565, which at $3.00 per hour would make $13,695.00. It further appears that defendants were entitled to a number of credits. Statements of these credits, consisting of cash paid, materials bought or furnished and board for plaintiff's men, were also presented to the defendants' agent Lee, from time to time, and these, too, were duly signed and approved by Lee. The last of these state-

ments is dated December 13, 1930, at which time the plaintiff had ceased hauling. Credit for an item of $104.00 had been given defendant, which, however, was, by the testimony shown to have been given wrongly, and with this adjustment, these statements of credit and debit show that there was due the plaintiff from the defendants the amount claimed in the petition.

Defendants in their answer admitted that they owed the plaintiff a sum of money for hauling, but claimed the amount to be $3,037.79 instead of that contended to be due by the plaintiff. They claim that the plaintiff was to receive $2.50 per hour for hauling, instead of $3.00, and that he was not to receive anything in excess of 12 hours during any one day for any one truck and driver, and that, accordingly, 247 hours should be deducted from the total number of hours during which plaintiff was engaged in hauling. The witness Lee, agent as above mentioned, testified that the oral contract entered into with plaintiff was as claimed by defendants, and that it was made in the presence of Mr. Young, in the latter's store; that the written contract was entered into only for plaintiff's convenience; that he, plaintiff, was at the time pressed by his creditors, and wanted something in writing to show them, so that time for payment would be given him; that, accordingly, the written contract was signed, with the understanding that its terms should not govern, but that it should be torn up after having been shown plaintiff's creditors, and that the conversation to that effect took place in the presence of Mr. Young, in the latter's store. The witness Scoville testified that he signed the contract only after he was assured by Mr. Young that it was not to govern or to modify the oral contract. It further appears that the defendants made a motion for continuance of the case on the ground of the absence of the witness Young, and it was alleged that, if present, he would testify that he was in possession of a letter written by plaintiff to Lee, enclosing the written contract above mentioned, and stating among other things that he, plaintiff, had to

have something in writing to show his creditors, but containing nothing to the effect that the written contract was not to be in force and effect. It was further alleged in the affidavit that Mr. Young, if present at the trial would also testify that he was present at the time that the oral contract was entered into between Lee and plaintiff, and that it was, substantially, as testified to by Lee; that he was also present at the time of the agreement that a written contract was to be executed, and that this agreement, and the reasons for the contract, were substantially as stated by Lee. Mr. Young did not appear as a witness, but during the trial it was admitted by the plaintiff that, if present, he would testify as stated in the affidavit for continuance. The witness Lee further testified that an additional credit was due to the defendants by reason of board furnished to the plaintiff, and in that respect he disputed the correctness of the credit items signed and approved by him.

The plaintiff testified that the extra amount claimed by defendants for board was adjusted between the parties at the time that the statements of debit and credit were submitted to and approved by Lee. We think the trial court was justified in accepting this testimony as true, particularly in view of the fact that the statements signed by Lee appear to cover all the items intended to be charged for board. Plaintiff further denied the testimony on behalf of the defendant that the written contract was not to govern, but was to be torn up, and denied that the oral contract was as claimed by Lee. Counsel for the defendants argue that his testimony as to the written contract, consisting, as is claimed, of a mere denial, does not come up to the dignity of substantial evidence, particularly in view of the fact that Mr. Young was the only disinterested party, whose evidence on that point is in the case by reason of the admission made by plaintiff that he would, if present, testify as stated in the affidavit for continuance, and that this evidence must be given the same effect as any other evidence. We are not, however, prepared to hold that the court could

not, as a matter of law, accept the testimony of the plaintiff as true. He testified in detail as to the oral as well as written contract, and his testimony aside from that contradicting the claim of defendants as to the written contract could not well consist of anything more than a denial. The facts and circumstances in this case, moreover, could well have been considered by the trial court as corroborative of plaintiff's direct testimony. Too much stress is laid by counsel for the defendants, we think, that Mr. Young was a disinterested witness, and that his testimony, accordingly, should be considered as outweighing that of plaintiff. We think that the record in this case justified the court in finding that he was no more disinterested than the plaintiff or the defendants. It is shown that he attempted to sell fractional interests in the well of defendants, and that he signed bonds for the latter in the case at bar. And it is strange, at least, if he was wholly disinterested, that he should have in his possession the letter written by plaintiff to Lee in connection with the written contract. Again, the claim of plaintiff that he should be paid for all the hours engaged in hauling, without deduction, if the hours should exceed twelve in any one day, is corroborated, we think, by the statements of debit submitted to defendants' agent. The statements were itemized, each day's work ordinarily constituting a separate item. More than 12 hours a day are shown in numberless items, and yet the statements were approved and signed by Lee without qualification. It would have been useless to have rendered a statement for more than 12 hours, if the excess was not to be paid for. And if the court had ample testimony before it, as we think it did, to warrant it in finding that the testimony on behalf of the defendants was not correct on that point, the court had a right to draw the conclusion that the testimony on behalf of the defendants that the rate of pay per hour should be $2.50 instead of $3.00 per hour, and that the written contract should have no force and effect, was also incorrect. Furthermore, plaintiff produced the written contract in

court. It is not usual that a contract is delivered to the opposing party, with the understanding that it should have no force and effect, and should be destroyed. That is a circumstance, corroborative of the plaintiff's oral testimony, which the court had the right to take into consideration in determining as to whether or not the plaintiff's oral testimony was true. We think, without further discussion, that the judgment of the trial court is sustained by substantial testimony. We might add, that we have not thought it necessary to consider as to whether the oral testimony given on behalf of the defendants was competent to destroy the force and effect of the written contract.

The judgment of the court below must be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, Ch. J.; and RINER, J., concur.